**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELLA MAE BARKLEY,**

                      **Plaintiff,**

-vs-                                                **Case No. 6:07-cv-1760-Orl-28KRS**

**MR. TYSON, MR. FAMELLI, WALTER MCNEILL, JR.,**

                      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:** November 5, 2007

On November 5, 2007, Plaintiff Ella Mae Barkley filed a complaint against United States Probation Officers Tyson and Famelli, and Walter McNeill, Jr. Doc. No. 1. Barkley also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Barkley's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I.   ALLEGATIONS OF THE COMPLAINT.

The complaint, which consists of one long, narrative paragraph, alleges that Barkley sought help from the defendant probation officers with respect to McNeill, who she believed was her husband. Doc. No. 1 at 2. Barkley contends that Tyson and Famelli failed to monitor or investigate McNeill, who it appears may have been a defendant in proceedings in this Court. *Id.; See* Case No. 6:01-mj-1057.

Barkley alleges that she and her children have been "abused mentally, physically, [and] financially" by McNeill. *Id.* On one occasion, McNeill took Barkley's daughter and other girls ages ten to fifteen "across [the] state line." *Id.* at 2. "Mr. Tyson and Mr. Famelli and the department of probation failed [Barkley] and [her] family after [she] complained seeking justice. All [Barkley] want[s] is what [McNeill] lied and took from [her]." *Id.*

## II.   ANALYSIS.

It is unclear what claims Barkley intends to assert. Thus, the complaint does not contain a short and plain statement showing an entitlement to relief, and is accordingly deficient.

Additionally, absent an identifiable cause of action, it is unclear what, if any, basis for federal jurisdiction exists in this case. Barkley does not specify any federal constitutional or statutory provisions that she believes were violated. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Barkley does not allege the state in which the defendants are citizens, and there is no indication of the amount of money that is in controversy. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

In the event that Barkley elects to file an amended complaint, she must specifically identify what actions taken by each defendant allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Barkley must identify the specific provision of the Constitution, federal law, or treaty that was violated. She must explain the actions taken by the defendants that allegedly violated the cited provision, describe how she was harmed by each defendant's actions, and describe the relief sought. If Barkley intends to assert a claim based on state law, she must show that

this Court could exercise diversity jurisdiction, as discussed above. Barkley should indicate the date or dates on which the alleged violations occurred. She must also identify the defendants with reasonable specificity by providing their complete names and addresses. Finally, Barkley should not include allegations about persons not named as defendants or make allegations for individuals who are not plaintiffs in this case.

### III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give Barkley eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth a cause of action and states the basis of this Court's jurisdiction. If an amended complaint is filed, Barkley may filed a renewed motion to proceed *in forma pauperis*.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 6, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy