# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELLA MAE BARKLEY,**

        **Plaintiff,**

-vs-                                           **Case No. 6:07-cv-1760-Orl-28KRS**

**MR. TYSON, MR. FAMELLI, WALTER MCNEILL, JR.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 8)** |
| **FILED:** | **January 8, 2008** |

On November 5, 2007, Plaintiff Ella Mae Barkley filed a complaint against United States Probation Officers Tyson and Famelli, and Walter McNeill, Jr. Doc. No. 1. Barkley also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

The Court dismissed the complaint and denied the motion to proceed *in forma pauperis* without prejudice. It permitted Barkley to file an amended complaint. The Court cautioned Barkley that, in the amended complaint, she must allege actions by each defendant that violate the Constitution, laws, or treaties of the United States, or that establish that this Court could exercise diversity jurisdiction. Doc. Nos. 5, 6.

Barkley has now filed an amended complaint, doc. no. 7, and a second motion to proceed without prepayment of fees, doc. no. 8. Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Accordingly, this Court must again address whether it has jurisdiction over Barkley's causes of action.

The allegations of the amended complaint are not materially different than those in the original complaint. Barkley alleges that Defendant Walter McNeill failed to pay restitution to her, took money from her under false pretenses, and caused her bodily harm. Barkley further alleges that she sought assistance from United States Probation Officers Marvin Tyson and Scott Fanelli, but that they did not investigate her complaints.[1]

Once again, Barkley has not alleged that a basis exists for this Court to exercise jurisdiction in this case. Barkley does not specify any federal constitutional or statutory provisions that she believes were violated. She provides a mailing address for herself in Orlando, Florida, and I take judicial notice that both Officer Fanelli and Officer Tyson are residents of Florida. As such, the amended complaint does not allege a basis for this Court to exercise federal question or diversity jurisdiction. Accordingly, the amended complaint must be dismissed. Because it appears that no federal jurisdiction exists, I recommend that Barkley not be given another opportunity to amend the complaint.

---

[1] It appears that McNeill may have been a defendant in proceedings in this Court. *See* Case No. 6:01-mj-1057.

**RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court do the following:

1. Dismiss the amended complaint with prejudice for lack of jurisdiction;

2. Deny the pending motion, doc. no. 8, as moot; and,

3. Direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy